Eastern Dis.
*March*, 1828.

FOUCHER
*vs.*
CARABY &
AL.

---

### CLAMAGERAN vs. BANKS & AL.

APPEAL from the court of the parish and city of New-Orleans.

PORTER. J. delivered the opinion of the court. The correctness of the judgment rendered in the court below, between the plaintiff and defendants, is not complained of, but the garnishees aver that there is an error in it, so far as it condemns them to the payment of moneys which are in their hands.

In answer to the interrogatories propounded to them, they stated that they had no knowtedge of the defendants, but that they had insured, on the 7th May, 1825, the schooner Samuel Smith for $2500, and her freight for $1400; that on the 13th of August, a demand had been made on them for $2929 & 27 cents, in consequence of an averred total loss of the vessel; but that no part had been paid, as the sum insured was held subject to any lien

An abandonment rightfully made, reverts back to the time of the loss.

which the respondents may have from having insured cargo in said schooner, to the amount of $3900.

The defendants have become indebted to the garnishees, by having received the amount which the property insured sold for at the port where the voyage was broken up. Whether they have a right to retain this sum as against the attaching creditor, is the only question in the cause.

It is contended they have not: first, because they did not accept the abandonment, and are yet contesting the claim of the assured, for which they now insist they have a right to retain the moneys attached: and second, because they owed the money at the time the attachment was levied, and no subsequent act of the defendants, by which they became indebted to the garnishee, can affect the rights of the attaching creditor.

It appears, from the case agreed on, that the abandonment was made on the 13th August, 1825. On the 20th of the same month, the attachment issued by the plaintiff, was levied on the sum in the plaintiff's hands due to the defendants. At what time Banks & Hendricks received the proceeds of the sales of the cargo

of the schooner Samuel Smith, is not conclu-
sively shewn, either by the case stated, or by
any evidence appearing on record.

Eastern Dist
*March*, 1828.

CLAMAGER-
AN
*vs.*
BANKS & AL.

As to the objection to the garnishees hold-
ing this money in their hands, because they
did not accept the abandonment, and are yet
contesting the claim of the insured, it is re-
moved by the decision just made in this tribu-
nal, which declares that abandonment to have
been rightfully made, and the garnishees in
consequence responsible. There is no princi-
ple better settled in maritime law, than that an
abandonment rightfully made, reverts back to
the time of the loss, and renders the insurer
thenceforward the proprietor of the thing in-
sured; and, whether the legality or correct-
ness of this abandonment be ascertained by
his acceptance of it, or by a decision of a court
of justice, in opposition to his wishes, the re-
sult is the same. *Phillips on Ins.* 459.

But it is contended the insurers have no
right to retain the money, because they were
debtors to the defendants by the abandonment,
and that the latter having since received mo-
ney from them, cannot affect the right of the
seizing creditor. In support of this position,
the 2212 article of the civil code is relied on,

which declares " that compensation cannot take place to the prejudice of the rights acquired by a third person; therefore, he, who, being a debtor, is become a creditor since the attachment made by a third person in his hands, cannot, in prejudice to the person seizing, oppose compensation." Whether this provision could apply to a case such as that before the court, where the receipt of the money after the attachment, was in virtue of an authority conferred before, we need not say, as the weight of evidence shews that the money was in fact received by the defendant previous to the time the seizure was made in the hands of the garnishees, so that they can properly offer it in compensation of the debt due by them.

The amount due on the two policies is 3822 dollars. From which must be deducted 2488 dollars, received by Banks and Hendricks.—This will leave a balance of 1334 dollars, from which again must be taken the proceeds of the wreck, 206 dollars 73 cents, and 254 dollars, for which Zacharie has a lien; and the balance will be 874 dollars and 27 cents. If the captain is entitled to any commission under the circumstances of the case, which

we doubt, it must be in a suit where he is a party.

It is therefore ordered, adjudged, and decreed that the judgment of the parish court be annulled, avoided and reversed : And it is further ordered, adjudged, and decreed, that the plaintiff do receive from the garnishee 874 dollars and 27 cents; the costs of the appeal to be paid by the appellees.

*Eustis* for the plaintiff, *Cuvillier* for the defendants.